IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL D., SR. | |
| Plaintiff, | 8:24-CV-155 |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY ADMIN., | MEMORANDUM AND ORDER |
| Defendant. | |

The *pro se* plaintiff, Michael D., Sr., filed a complaint for review of a social security disability or supplemental security income decision. Filing 1 at 1. The defendant, the Commissioner of the Social Security Administration, moves to dismiss the claim as time-barred. Filing 9. The motion will be granted.

I. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, the text of the plaintiff's complaint must contain enough factual allegations allow the Court to reasonably infer that the defendant could be held responsible for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a plaintiff is represented or *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, the Court must liberally construe *pro se* complaints, and these litigants are held to a lesser pleading standard. *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). If the essence of an allegation is discernible, although pleaded without "legal nicety," the Court will construe

1

the complaint in a way that allows the claim to be evaluated within the proper legal framework. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). The Court may also take notice of public records, such as Social Security appeals records.[1] *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## II. BACKGROUND

In January 2021, the plaintiff requested disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* and § 1381 *et seq. See* filing 1 at 4; filing 10-1 at 8. The plaintiff claims his back, legs, and body are in pain and "not the same," and he takes pain pills to manage. Filing 1 at 5. The Commissioner has provided the administrative records relating to the plaintiff's disability claim, which the Court may consider without converting

---

[1] While the Commissioner argues that the plaintiff has failed to state a claim and moves to dismiss under Rule 12(b)(6), *see* filing 11 at 4, the crux of the argument is based on sovereign immunity, a jurisdictional issue. *See Degnan v. Burwell,* 765 F.3d 805, 808 (8th Cir. 2014); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988); *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). And the Court may consider matters outside of the pleadings when assessing jurisdiction. *See Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir. 1990).

2

the Commissioner's motion to one for summary judgment. *See Head v. Kijakazi*, No. 4:21-cv-916, 2022 WL 481198, at *2 n.6 (E.D. Ark. Feb. 16, 2022).

The plaintiff's disability claim was denied initially in May 2021. His claim was denied on reconsideration in April 2022. The plaintiff requested a hearing before an administrative law judge (ALJ), which occurred in September 2022. Filing 10-1 at 8. The ALJ found the plaintiff was not disabled under the Social Security Act, and he was not entitled to benefits. Filing 10-1 at 16. The ALJ determined that the plaintiff's alleged limitations were not substantiated by medical evidence and were contradicted by multiple factors. *See* filing 10-1 at 14. The Appeals Council of the Social Security Administration denied the plaintiff's request for review of the ALJ's decision on August 31, 2023. Filing 10-1 at 21-25.

The plaintiff now seeks review of the ALJ's decision as the final decision of the Commissioner under 42 U.S.C. § 405(g). *See* filing 1. The plaintiff filed his complaint on April 29, 2024, approximately 8 months after the Social Security Administration mailed its final decision. Filing 1.

### III. DISCUSSION

The Commissioner, representing an agency of the United States federal government, argues that sovereign immunity bars the plaintiff's lawsuit. *See* filing 11 at 5. A citizen may only sue the federal government if the government has consented to the lawsuit by waiving its sovereign immunity. *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Sovereign immunity is jurisdictional in nature, meaning that this Court has no authority to hear the plaintiff's case unless the plaintiff can demonstrate that the government consented to the lawsuit. *See id.; Meyer*, 510 U.S. at 475.

In Social Security cases, the government only consents to a lawsuit in federal court after the Commissioner has made a "final decision" on a claimant's disability benefits. 42 U.S.C. § 405(g). Such a lawsuit must be filed within 60 days of receiving the notice of the final decision. *Id.* This Court cannot hear this case unless the plaintiff timely filed his complaint, or if he provides some other basis for jurisdiction. *See Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996).

The plaintiff did not respond to the Commissioner's evidence, so it appears undisputed that the plaintiff filed this lawsuit well after the 60-day deadline, which would have been, allowing for time in the mail, approximately November 6, 2023. *See* filing 11 at 6. The Appeals Council informed the plaintiff in its denial letter that he could extend his time to file beyond 60 days, but the Commissioner avers that no such extension was requested. *See* filing 10-1 at 23; filing 10-1 at 3. The plaintiff has not disputed that fact. Because there is no dispute that the plaintiff's complaint was untimely, the Commissioner retains sovereign immunity, unless the plaintiff has shown some other reason to warrant jurisdiction.

Some circumstances might warrant waiving the 60-day time limit to file an appeal in federal court. *See Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). These circumstances are usually limited to misleading or fraudulent conduct by someone other than the claimant. *Turner*, 862 F.2d at 710. Even liberally construed, there is no indication from the plaintiff's complaint that the plaintiff did not receive notice of the Commissioner's final decision. The plaintiff was able to timely appeal throughout the administrative process. *See* filing 10-1. There are no circumstances alleged or apparent that warrant equitable tolling. So, the 60-day statute of limitations bars this Court from hearing the plaintiff's appeal of the Commissioner's decision. Accordingly,

4

IT IS ORDERED:

1. The Commissioner's motion to dismiss (filing 9) is granted.

2. The plaintiff's complaint (filing 1) is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 20th day of November, 2024.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge